BYE, Circuit Judge,
concurring.
I concur in the result reached by the majority, but write separately to express discontent with the confusing maze of the International Fire Code provisions relevant to who may be considered a fire code official entitled to the protections of the Due Process Clause. Given the Code’s acceptance in the growing number of U.S. jurisdictions, some clarification is desirable as to the precise scope of these provisions and the fire code officials’ property interest in the continued employment with their respective fire departments.
The Code contemplates that the fire code official manages the city’s Department of Fire Prevention, which implements, administers, and enforces the provisions of the Code. See I.F.C. § 103.1 (2003 ed.) (“The department of fire prevention is established within the jurisdiction under the direction of the fire code official.”). The Code defines the fire code *653 official in the disjunctive, as “[t]he fire chief or other designated authority-charged with the administration and enforcement of the code, or a duly authorized representative.” I.F.C. § 202. In addition, when enacting the International Fire Code, the city of Pleasant Hill expanded this definition to include “the Building Official and his or her representatives or designees.” City of Pleasant Hill Ordinance No. 635, § 163.02.03. Judging by this ordinance and by other provisions in the 2003 Code, a jurisdiction can have more than one fire code official. See, e.g., I.F.C. § 1408.2 (requiring notification of “[t]he fire chief and the fire code official” in the event of changes affecting the jurisdiction’s prefire plans) (emphasis added); § 1703.3 (requiring notification of “[t]he fire code official and fire chief’ if the structure is expected to be closed because of use of a toxic or flammable fumigant) (emphasis added).
The only official certain to be vested with a property interest under the Code is a fire code official appointed by the chief appointing authority of the jurisdiction — in this case, the City Council. See I.F.C. § 103.2 (“The fire code official shall be appointed by the chief appointing authority of the jurisdiction; and the fire code official shall not be removed from office except for cause and after full opportunity to be heard on specific and relevant charges by and before the appointing authority.”). Beyond that, questions abound. For example, the Code empowers the fire code official to “appoint a deputy fire code official, other related technical officers, inspectors and other employees,” but specifies the appointment must be “with the concurrence of the appointing authority.” I.F.C. § 103.3. It is unclear, then, whether the deputy fire code official appointed with the concurrence of the City Council, see I.F.C. § 103.3, is entitled to the same due process protections as the fire code official expressly appointed by the City Council, see I.F.C. § 103.2. Nor is it clear whether one needs the City Council’s concurrence to qualify as the fire chiefs duly authorized representative, a fire code official under § 202 of the Code. There also remains a question of whether an official who did not receive the formal blessing of the City Council but was authorized by the Fire Chief to perform some of her tasks enjoys the powers conferred on the fire code official elsewhere in the Code. See, e.g., I.F.C. § 104.1 (giving the fire code official authority to enforce and interpret provisions of the Code); § 104.3 (giving the fire code official the right of entry to conduct a fire inspection). Finally, it is unclear whether the for-cause termination provision would protect Pleasant Hill’s building official, who does not have to be appointed by the Pleasant Hill City Council. See City of Pleasant Hill Ordinance No. 635 (requiring the City Council’s appointment of the Fire Chief, but not the building official).
These questions are difficult to answer, for there is virtually no commentary or case law interpreting the provisions of the Code. The International Building Code, which has been litigated more frequently, does not aid the discussion either, because it does not confer a property interest on the building official. See Int’l Bldg.Code § 103.2. Ultimately, I believe the majority is correct that Preston does not have a protected property interest in the job because the City Council never took any formal action concerning his appointment. I am concerned, however, that this interpretation frustrates the intent of the developers of the Code and does not go far enough to protect fire code officials from political pressures on the part of their employers. I also fear the restrictive reading of the term “fire code official” will pose barriers to effective enforcement of *654 the Code by limiting the jurisdiction’s enforcement cadre. Accordingly, I urge the International Code Council and the individual jurisdictions that adopt the Code to resolve the ambiguities found in the relevant provisions.